

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN, TEXAS 78711**

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 14, 1974

The Honorable Fred Galindo
Criminal District Attorney
Cameron County
Brownsville, Texas 78520

Opinion No. H- 230

Re: Where Elks Lodge failed to
pay taxes, under belief it was
exempt under a statute later
declared unconstitutional may
taxing authority waive interest and
penalties?

Dear Mr. Galindo:

You have requested our opinion on the question of whether the San
Benito Elks Lodge can lawfully be exempted from the payment of ad valorem
property taxes. If our answer to this question is in the negative, you then
ask whether the taxing authorities may excuse the lodge from paying interest
and penalties on the taxes that have accrued against it to date.

Article 8, § 1, of the Texas Constitution requires all taxation to be
equal and uniform. Section 2 of Article 8 authorizes the Legislature to
exempt the property of "institutions of purely public charity" from taxation.
In § 22 of Article 7150, V. T. C. S. , the Legislature attempted to exercise
this authority by making the property of all fraternal organizations exempt
from taxation "for so long as the property is owned and used for charitable,
benevolent, religious, and educational purposes, and is not in whole or in
part leased out to others, or otherwise used with a view to profit. " Feeling
that its property qualifies under the § 22 exemption, the San Benito Lodge has
paid no ad valorem taxes from 1969 to the present time.

In 1972 the Texas Supreme Court had occasion to consider the validity
of exempting fraternal organizations from taxation in City of Amarillo v.
Amarillo Lodge No. 731, A. F. &A. M. , 488 S. W. 2d 69 (Tex. 1972). The court
ruled that the property of the masonic lodges in question in that case could not
constitutionally be exempted from taxation and that § 22 was unconstitutional

insofar as it applied to their property.

In its opinion the Court adopted a very strict interpretation of the constitutional provision permitting the Legislature to exempt from taxation the property of institutions of purely public charity.  It stated:

> "The characteristics of an institution of
> purely public charity have been considered in several
> other cases.  While the benevolent ends sought to be
> accomplished may take some form other than alms-
> giving, it is essential that the organization assume,
> to a material extent, that which otherwise might
> become the obligation or duty of the community or
> the state.  It is also essential that the institution be
> organized and operated exclusively for purposes of
> public charity. "  (488 S. W. 2d at 71).

The Court concluded that the masonic lodges in question in City of Amarillo were not institutions of purely public charity.  It pointed to the fact that their property was used for conducting lodge meetings, initiations, and ceremonials in order to promote good fellowship among their members and emphasised that such activity  by itself did not "lighten any public burden". Neither the community nor the state was under any duty to provide or support the lodge work of private fraternal organizations.  Accordingly the lodges in question were not used exclusively for charitable purposes and could not constitutionally be exempted from taxation.

In a letter submitted for our consideration in connection with this opinion request, the San Benito Lodge described its activities as follows:

> "During these years in question this lodge
> has given directly or indirectly to the school and city
> a total of $7,141. 47 in contributions to educational and
> community welfare programs.  This does not include
> the use of our facilities by the Beef Club, Band Boosters,
> Cub Scouts, Explorer Scouts. Texas State Teachers
> Association, Quarterback Club, P. T. A. , F. F. A. ,

> Cheerleaders and many more at no cost to any
> of them.  We have had barbecues honoring our local
> police, firemen, county and state police, Border
> Patrol, and local judges to thank them for a job
> well done.  We have donated during this time
> $8,500.00 to the Texas Elks Crippled Children's
> Hospital. "

The Supreme Court did not declare § 22 of Article 7150 unconstitutional per se in City of Amarillo.  The City of Amarillo decision has been interpreted by the Court as casting substantial doubt on the propriety of tax exemption for buildings of fraternal orders.  See Texas Alcoholic Beverage Commission v. National Sportsmen Fraternal Order of Texas, Inc., 495 S.W.2d 4549(Tex. Civ. App., Houston [1st Dist.], 1973).  While the activities of the San Benito Lodge are undoubtedly in part charitable, they are not exclusively so.  The "public burden" is not lightened by some of the listed activities.  Neither the community nor the state is under any obligation to provide or support such activities.

Ordinarily whether or not a particular use of property qualified it for tax exemption as purely public charity is a question of fact which we would not decide.  Where, as here, we have been furnished by the organization with a description of the uses stated, we assume, in their most favorable light, we are entitled to base our determination on them.  Assuming the facts furnished us to be true, the San Benito Lodge, as presently operated, is not exempt from paying ad valorem property taxes under the line of legal authorities culminating in the decision of City of Amarillo v. Amarillo Lodge No. 731, supra. The Supreme Court opinion in that case makes it plain that § 22 of Art. 7150 does not pass constitutional muster insofar as it attempts to exempt from taxation organizations whose activities are not exclusively charitable.

Your second question requires us to determine whether the San Benito School Board can waive all interest and penalties that have accrued against the Lodge to date.  In Attorney General Opinion WW-107 (1957) the question was whether the tax collector of a school district could forgive or ignore taxes lawfully assessed.  This office said:

> "The duties and powers of tax collectors are derived from the Constitution and statutes and such as may be reasonably inferred therefrom. Their duties pertaining to the collection of taxes, whether current or delinquent, are purely ministerial. They have no discretion such as forgiving or ignoring the collection of taxes lawfully assessed. . . . It is true that the Legislature has the power to forgive delinquent taxes which have been due for a period of a least ten years (Section 55, Article III of the Constitution). As a corollary to this the Legislature would have the authority to forgive penalty and interest on delinquent taxes by general law even though less than ten years past due, because they do not constitute a part of the tax, but the tax collector is without authority to release or ignore the collection of accrued penalty and interest on delinquent taxes. Jones v. Williams, 121 Tex. 94, 45 S.W. 2d 130 (1931)."

This general rule was made applicable to penalties and interest due on delinquent taxes in Attorney General Opinions O-6596 (1945); V-835 (1949); V-1517 (1952), and therefore requires a negative answer to your second question.

## SUMMARY

Whether or not the property of a fraternal lodge is exempt from taxation under § 22 of Article 7150, V.T.C.S. depends upon a determination of whether the lodge is a purely public charity and its property is used for purely public charitable purposes.

Despite the good faith belief that it owed no taxes, if the property of the lodge is found to be taxable, the taxing authorities are without authority to waive either penalties or interest.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee